ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 DEC 15 PM 1:19
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FRANK BURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 105-117 |
| ) | |
| RONNIE STRENGTH, Sheriff, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, brought the captioned matter pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while incarcerated at Richmond County Jail in Augusta, Georgia. Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] 28 U.S.C. § 1915A.

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay the entire initial filing fee assessed by the Court. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $250.00 filing fee.

## I. BACKGROUND

Plaintiff avers that, while incarcerated at Richmond County Jail ("the Jail"), he contracted a dangerous and "disfiguring" bacterial infection. (Doc. no. 1, p. 5). According to Plaintiff, doctors and medical staff at the Jail failed to properly treat Plaintiff's condition or even to "tell [Plaintiff] what [the disease] was." (Id.). According to Plaintiff, this infection has left damages to nerves and skin on his arms, legs, and back. (Id.).

After staying at the Jail from May 2004 until September 21, 2004, Plaintiff was moved to Coastal State Prison. (Id. at 6). Plaintiff's condition only got worse, and he was transferred again to Phillips State Prison, his present place of incarceration. (Id. at 7). Still, Plaintiff's condition has not improved. (Id. at 8). As relief, Plaintiff seeks $5,000,000.00 in damages. (Id. at 9). Unfortunately for Plaintiff, he also candidly admits that he did not pursue any administrative remedy prior to filing the instant suit. (Id. at 3-4).

## II. DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Moreover, in order to fully


exhaust his administrative remedies, a prisoner must not only file a grievance, he must also file an administrative appeal if his grievance is denied. Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e). Here, Plaintiff has admittedly failed to pursue any administrative remedy, much less exhausted all available remedies.

The Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement.[2] Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

Plaintiff avers that he did not pursue administrative remedies because he "was not told what [he] had." (Doc. no. 1, p. 4). This does not explain or excuse Plaintiff's failure to present any administrative grievance regarding his medical care to Jail officials or other prison authorities. In any event, the Court is not free to waive the exhaustion requirement.

---

[2] Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(per curiam). Accordingly, Plaintiff's complaints about medical care at the Jail are clearly subject to the requirements of the Prison Litigation Reform Act.

## III. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice for Plaintiff's failure to exhaust his administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

BURLEY )

vs )    CASE NUMBER  CV 105-117

STRENGTH )    DIVISION  AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 12/15/05, which is part of the official record of this case.

Date of Mailing:     12/15/05

Date of Certificate     ☒ same date,     or _____

Scott L. Poff, Clerk

By: _/s/ Joe Howell_

Joe Howell, Deputy Clerk

**Name and Address**

FRANK BURLEY SERVED @ PRISON ADDRESS

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate